IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IDA SIMPSON, | |
|       Plaintiff, | |
| vs. | Case No. 12-cv-673-JPG |
| BLUE CROSS/BLUE SHIELD OF ILLINOIS, | |
|       Defendant. | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Ida Simpson's motion for extension of time to file a supplement to her complaint (Doc. 14) and motions to appoint counsel (Docs. 2, 5 & 14). For the following reasons the Court grants plaintiff's motion for extension of time and denies her motions to appoint counsel.

Whether to appoint an attorney to represent an indigent civil litigant is within the sound discretion of the district court. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). There is absolutely no right to appointment of counsel in a civil case. *Pruitt*, 503 F.3d at 656-57. Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request the assistance of counsel in an appropriate civil case where a litigant is proceeding *in forma pauperis. Mallard v. United States District Court*, 490 U.S. 296 (1989); *Pruitt*, 503 F.3d at 649. Local Rule 83.1(i) obligates members of the bar of this Court to accept appointments, provided an appointment is not made more than once during a 12-month period.

In deciding the request for counsel, the Court should ask (1) whether the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so and (2) whether, given the difficulty of the case, the plaintiff appears at that time to be competent to litigate it himself. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993)). "[T]he question is whether the difficulty of the case – factually and legally – exceeds the particular

plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655. In making this inquiry, courts usually consider factors such as the plaintiff's literacy, communication skills, educational level, litigation experience, intellectual capacity and psychological history. *Id.*

In plaintiff's first motion to appoint counsel (Doc. 2), she simply attached a document with a list of law offices and one form letter from the National Whistleblowers Legal Defense and Education Fund indicating they do not practice the type of law with which she needs assistance. The Court cannot determine whether that letter even relates to the matters in this case. Her subsequent motions to appoint counsel (Doc. 5 & 14) do not indicate she has made any additional efforts to obtain counsel. These efforts do not constitute a reasonable attempt to obtain counsel. Further, the Court cannot measure the difficulty of plaintiff's case because the Court is unable to ascertain the nature of the case from the current pleadings. Accordingly, the Court is unable to determine whether the difficulty of the case precludes plaintiff from litigating it *pro se*. Thus, the Court denies plaintiff's motions to appoint counsel (Docs. 2 & 14).

For the foregoing reasons, the Court hereby **GRANTS in part and DENIES in part** plaintiff's motion dated January 30, 2013 (Doc. 12). Specifically, the Court **GRANTS** her request for an extension of time and **DENIES** her motion to appoint counsel. The Court further **DENIES** plaintiff's motions to appoint counsel (Doc. 2 & 5) dated May 31, 2012, and June 5, 2012. Finally, plaintiff shall file a supplement to her complaint explaining the facts that gave rise to the violations alleged in her complaint on or before May 1, 2013.

**IT IS SO ORDERED**

**DATED:** February 4, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
