IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IDA SIMPSON,

      Plaintiff,

vs.

BLUE CROSS/BLUE SHIELD OF ILLINOIS,

      Defendant.

Case No. 12-cv-673-JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Blue Cross/Blue Shield of Illinois' ("BCBS") motion to dismiss (Doc. 22). Plaintiff Ida Simpson filed her response (Docs. 30 & 31) to which BCBS replied (Doc. 32). For the following reasons, the Court grants BCBS's motion.

1. **Background**

Simpson, a former BCBS employee, filed her *pro se* complaint alleging that BCBS improperly deducted $20,831.85 from her pension. Simpson fails to thoroughly explain the facts surrounding this deduction or the cause of action under which she proceeds. Simpson attached the affidavit of Rhonda Rolandson, the Financial Benefits Manager for HealthCare Service Corporation ("HCSC").[1] Rolandson's affidavit is from a BCBS filing in another case Simpson filed in the Northern District of Illinois. *See Simpson v. Blue Cross and Blue Shield of Ill.*, Case No. 97-C-2680 (N.D. Ill. 1997). From Simpson's complaint, including Rolandson's attached affidavit, the Court can glean the following relevant facts.

In 1986, HCSC changed its pension program and offered employees the option of taking the benefit that accrued to them in the old pension plan in a lump sum or rolling it into an annuity. Simpson chose the lump sum option and received a payment of $6,437.51 in December

---

[1] BCBS is a division of HCSC.

1986.  Simpson received a letter in April 2001 detailing her pension benefits (Doc. 16, pp.8-10).  That letter reflected a $20,831.85 deduction, which Rolandson explained represented the $6,437.51 payment multiplied by the immediate annuity projection of 3.23601.  The $20,831.85, representing the present value of the benefit already paid, was deducted from $70,189.06, which represented the value of what Simpson's pension would have been had she not elected to receive a lump sum payment in December 1986.

Upon receipt of this letter reflecting a $20,831.85 deduction, Simpson mistakenly thought the deduction represented an offset for a settlement she had received from BCBS in an age discrimination case.  *See Simpson v. Blue Cross and Blue Shield of Ill.*, Case No. 97-C-2680 (N.D. Ill. 1997).  She then filed a motion to reinstate the age discrimination case to recover the deduction.  That district court held an evidentiary hearing on Simpson's motion to reinstate and ultimately denied her motion on August 13, 2002, after considering Rolandson's affidavit.

In sum, it appears that based upon this April 2001 letter indicating a $20,831.85 deduction, Simpson believes BCBS improperly deducted funds from her pension.  Simpson filed the instant complaint on May 31, 2012, alleging this deduction was improper and seeking damages in the amount of one million dollars.  BCBS filed its motion to dismiss arguing Simpson's complaint must be dismissed because Simpson fails to state a plausible claim for relief and her ERISA claim is clearly barred by the statute of limitations.  The Court will turn to consider whether Simpson's complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

   2. **Analysis**

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007)).  To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.  *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009);  *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  *Bell Atlantic*, 550 U.S. at 561–63;  *Concentra Health Servs.*, 496 F.3d at 777.  Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Even after applying a liberal construction to Simpson's complaint, she fails to provide sufficient details to put BCBS on notice of the nature of the claim against it.  *See Erickson*, 551 U.S. at 94 (*pro se* documents to be liberally construed).  Simpson clearly believes the deduction from her pension was erroneous but she fails to provide enough detail from which BCBS could

understand the claim.  Simpson's allegations simply fail to raise her right to relief above a speculative level

Normally, the Court would grant leave for Simpson to amend her complaint.  *See* Fed. R. Civ. P. 15(a); *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (leave to amend should be freely given unless amendment would be futile). However, amendment in this instance would be futile because Simpson's complaint clearly demonstrates any cause of action applicable to her case is outside of the statute of limitations.

Rule 12(b)(6) dismissals based on the statute of limitations are considered "irregular" because complaints are not required to anticipate affirmative defenses.  *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004).  However, the Court may dismiss a complaint where a plaintiff pleads herself out of court by making it clear that the claim is barred by the statute of limitations.  *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005).

After a liberal construction of the complaint, the Court presumes Simpson's cause of action arises under Section 502(a), 29 U.S.C. § 1132(a), of the  Employee Retirement Income Security Act ("ERISA"), which allows a participant to bring a civil cause of action to recover benefits under the plan.  This section of ERISA does not specify a statute of limitations, and the Court must borrow the most analogous state statute of limitations.  *Young v. Verizon's Bell Atlantic Cash Balance Plan*, 615 F.3d 808, 815-16 (7th Cir. 2010).  In Illinois, the ten-year statute of limitations for written contracts is the most analogous.  *Daill v. Sheet Metal Workers' Local 73 Pension Fund*, 100 F.3d 62, 65 (7th Cir. 1996).  A claim arising under § 502(a) "accrues upon a clear and unequivocal repudiation of rights under the pension plan which has been made known to the beneficiary."  *Id*. at 66.

Here, it is clear that Simpson learned of the 1986 deduction at least by 2001.  From the documents attached and amended to her complaint, she received a letter indicating the 1986 deduction from her pension in 2001 and then filed a motion to reinstate her age discrimination claim based upon that deduction.  On April 1, 2002, BCBS responded to her motion to reinstate, attaching Rolandson's affidavit explaining how the deduction resulted from Simpson's 1986 election to receive a lump sum payment.  Simpson has waited well beyond ten years after she gained knowledge of the allegedly improper deduction to file an action to recover her benefits.  Accordingly, it is clear from the face of Simpson's complaint and attachments to that complaint that her claim is barred by the statute of limitations.

3. Conclusion

For the foregoing reasons, the Court **GRANTS** BCBS's motion to dismiss (Doc. 22) and **DIRECTS** the Clerk of Court to enter judgment accordingly.  The Court further **DENIES** Simpson's motions to appoint counsel (Docs. 27 & 28) as moot.

**IT IS SO ORDERED**

**DATED:** September 13, 2013

    s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**